SCAMMON, BAILEY & Co., Respondents, v. THE KANSAS CITY, ST. JOSEPH AND COUNCIL BLUFFS RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, May 12, 1890.

1. **Railroads:** FREIGHT RATES: ACTION FOR VIOLATION OF STATUTORY RATES AND COMMISSIONERS' RATES DISTINCT. In an action for penalty for violation of freight rates fixed by the state railroad commissioners, under sections 2684 and 2686, Revised Statutes, 1889, the plaintiff cannot, upon failure to prove that the commissioners had fixed the rates as in such sections required, recover as if his action had been brought under section 2676.

2. ———: EVIDENCE: WRITTEN CONTRACTS OF SHIPMENT: PAROL TESTIMONY: OVERCHARGES OF FREIGHT. Where the action is for overcharges of freight, it may properly be established by verbal testimony what the charges were and it is not required to produce the written contract of shipment.

3. **Interstate Commerce:** CONTRACT FOR SHIPMENT BETWEEN TWO POINTS IN THE SAME STATE. Where the contract was for a shipment between Phelps City and Kansas City, both in Missouri; and the stockyards where the cattle were unloaded extends into the states of Missouri and Kansas, the fact that the office of the consignee and the actual unloading were in the latter state, does not convert the transaction into interstate commerce.

*Appeal from the Atchison Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED.

*Huston & Parrish,* for appellant.

(1) To entitle the plaintiffs to recover, it devolved upon them to show that they made the shipments of stock; that the shipments were made between the points, and at the time charged in their petition, and that they paid to defendant as freight for the transportation thereof an amount in excess of the rates prescribed by law. All these facts were matters of written

contract, and parol evidence was inadmissible to establish them. *Price v. Hunt*, 59 Mo. 258–62, and authorities cited; *State ex rel. v. County Court*, 59 Mo. 513; *Cooper v. Ord*, 60 Mo. 430–31; *State v. Lewis*, 80 Mo. 110–11; *State v. Rugan*, 68 Mo. 214; *Kuhn v. Schwartz*, 33 Mo. App. 610, and authorities cited. The court erred in permitting witness Bailey to testify as to the contents of the contracts, without accounting for the originals. *Davis v. Hilton*, 17 Mo. App. 319; *Blondeau v. Sheridan*, 81 Mo. 545; *Hoskinson v. Adkins*, 77 Mo. 537. This is an elementary principle so well understood that it requires no citation of authorities. (2) The plaintiffs based their right to recover on counts 1, 2, 3, 4, 5, 6, 10, 14, 22 and 23, on the rates fixed by the railroad commissioners for the transportation of live stock. But after the plaintiffs failed to make the necessary proof to entitle them to recover on said counts, the court permitted them to ignore the causes of action stated, and recover on the statute prescribing such rates. This was plain error. The plaintiffs must recover, if at all, on the cause of action stated in their petition. *Bulline v. Smith*, 73 Mo. 151–2; *Abbott v. Railroad*, 83 Mo. 272–78, and authorities cited. (3) The court erred in refusing defendant's instructions number 1 and number 5, in the nature of a demurrer to the evidence on counts 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24. If the evidence showed that any shipments were made by plaintiffs, as charged in these counts, it showed that when the hogs were shipped they were to be carried, and were carried, into the state of Kansas and there delivered to the consignee. This was transportation from one state to another—was interstate commerce, and not subject to regulation by the state. *Railroad v. People*, 26 Am. & Eng. R. R. Cases, 1.

*Lewis & Ramsay*, for respondents.

(1) Appellant's first point, that no recovery can be had because the written contracts for the various

shipments were not produced, is not tenable. The suit is not upon the contract nor by virtue of the contracts, but in spite of the contracts. The contracts would not prove that the shipments were actually made nor the amount of freight actually paid. The authorities cited are not in point. (2) Appellant's second point is without merit and is unsupported by the authorities therein cited. In either case the claim is based on over-charges, and sections 835 and 844 only differ as to the extent of recovery. If by reason of a failure of proof as to the greater extent, or should the allegations by which the greater extent is sought to be reached, be faulty or insufficient, the court may still grant any relief consist-ent with the case and embraced within the issues. The character of the petition is not always determined by the relief it prays for. *Kneale v. Price*, 21 Mo. App. 297 ; *Hewett v. Harvey*, 46 Mo. 368. A party desiring to avail himself of the provisions of a public act is only required to state facts that bring his case clearly within it. *Reynolds v. Railroad*, 85 Mo. 90 ; *Comings v. Railroad*, 48 Mo. 516–517 ; *Northcraft v. Martin*, 28 Mo. 469 ; *Easly v. Prewitt*, 37 Mo. 361. The petition states a good cause of action without regard to allega-tions on sections 842 and 844. *Burkholder v. Trust Co.*, 82 Mo. 572. Questions of variance should be raised at the trial, so that an opportunity for amendment may be offered. *Blair v. Corby*, 29 Mo. 480. If appellants were misled by any variance between the allegations and the proof, it should have shown that fact by affidavit in the trial court. *Wolf v. Lauman*, 34 Mo. 578 ; *Turner v. Railroad*, 51 Mo. 509 ; *Fischer v. Max*, 49 Mo. 405 ; *Hotel Co. v. Sigement*, 53 Mo. 176 ; *Newton v. Miller*, 49 Mo. 298 ; *Miller v. Drake*, 62 Mo. 544 ; *Clements v. Malony*, 55 Mo. 360 ; *Wells v. Sharp*, 57 Mo. 57 ; *VanSickle v. Brown*, 68 Mo. 627 ; *Meyer v. Railroad*, 40 Mo. 154 ; *Kelly v. Railroad*, 70 Mo. 608 ; *Drury & Wiseman v. White*, 10 Mo. 354 ; *Burbridge v. Railroad*,

36 Mo. App. 679 ; *Buesching v. Gaslight Co.*, 73 Mo. 219–231 ; *Harris v. Railroad*, 89 Mo. 233. ( 3 ) The judgment, as appears from the whole record, is for the right party and ought to, stand. *Tate v. Barcroft*, 1 Mo. 163 ; *Pratte v. Cabanne*, 12 Mo. 194.

ELLISON, J.—Plaintiffs filed their petition against the defendant containing twenty-nine counts. During the progress of the trial counts 25 to 29 inclusive were dismissed, and counts 7, 8, 9, 13 and 24 were withdrawn, from the jury by the court. The first count of said petition, omitting formal allegations, is as follows .

" Plaintiffs for a first cause of action state that, at the time hereinafter mentioned, the defendant was and still is a corporation owning, operating and managing a certain railroad in the state of Missouri, extending from the town of Phelps City, in said state, to the city of St. Joseph in said state. That on or about the thirtieth day of November, 1886, plaintiffs, as partners by the style of Scammon, Bailey & Co., delivered to defendant at Phelps City aforesaid, a station on defendant's railroad in Atchison county, Missouri, to be carried, and defendant did carry for plaintiffs, one certain carload of live stock, to-wit : One carload of hogs from said Phelps City, Missouri, to the city of St. Joseph in said state of Missouri, over said railroad, owned, operated and managed by defendant as aforesaid. That the distance between the two places last mentioned was more than sixty-three miles and less than seventy miles. That the rate prescribed by sections 833 and 834 of the Revised Statutes of 1879 of the state of Missouri, for carrying said carload of hogs shipped as aforesaid, was not exceeding ten dollars for the first twenty-five miles, and not exceeding seven dollars for the second twenty-five miles, and four dollars for each additional twenty-five miles or fractional part thereof, unless the fraction be less than thirteen miles, and then not to exceed two dollars for

such fractional part of twenty-five miles per carload. That said rates, as provided by sections 833 and 834 of said Revised Statutes, had, by the railroad commissioners of said state, been reduced to, and established at, the sum of nine dollars for the first twenty-five miles, thir-teen dollars for fifty miles, fourteen dollars and fifty cents for sixty-three miles, sixteen dollars for seventy-five miles per carload, which was the highest rate defendant was by law allowed to charge, and amounted for said shipment to the sum of sixteen dollars. That instead thereof, defendant wrongfully exacted, charged and received from plaintiffs the sum of thirty dollars for carrying said carload of hogs as aforesaid, being in excess of the legal rate aforesaid the sum of fourteen dollars. Wherefore, by virtue of the provisions of sections 835 and 844 of said Revised Statutes, plaintiff asks judgment for the sum of forty-two dollars, three times the amount of said excess so wrongfully charged and received by defendant, and for costs and all other and further proper relief."

Several counts upon which plaintiff recovered were under section 844, Revised Statutes, 1879, and were identical with the one quoted, except as to dates and amount of charges. The remaining counts were under section 835. At the trial plaintiff failed to prove that any of the charges had been fixed by the railroad com-missioners as provided by sections 842 and 844; but he was nevertheless permitted to recover on those counts along with the balance, as if they had been drawn under section 835. This we think was error. The actions in those counts are grounded on the violation of a rate of charges fixed by the commissioners. They are based on section 844 of the statute, and were not proved. The cause of action covered by section 835 is a different cause of action from 844. Both are for overcharges of freight, it is true, but one is fixed by law while the other is fixed by the commissioners, and the penalties

prescribed are different. The defendant seeing that it is charged with violating a rate fixed by the commissioners prepares to defend that charge; perhaps relying upon the fact that the commissioners have not fixed a rate, it makes no preparations to defend or establish its innocence of having in any manner violated any rate. Defendant denies a rate was fixed by the commissioners, which threw the burden on plaintiff to establish that allegation; failing to do so, they fail in their case, and should not have been permitted to recover without amending the petition.

There is a familiar course of decisions in this state that where a plaintiff sues under section 809, Revised Statutes, 1879, asking double damages for killing his stock, he cannot have a common-law recovery, though it would be based on the same act of the defendant. It was held to be a different cause of action, which, until an amendment of the statutes, could not be amended. For this error, the judgment must be reversed.

II. It appeared in testimony that in the different shipments made there were written contracts of shipment, most of which were not produced. The defendant objected to any oral evidence of the shipments and was overruled. We approve of the view taken in this respect by the trial court. The action is not based on the contract, nor is there any attempt to orally prove the contents of a written instrument. The action is for overcharges of freight, which we think may be properly established by verbal testimony showing what those charges were. The action is not on defendant's agreement whereby it is charged with having violated the terms thereof.

III. The point is made by defendant's counsel that some of the shipments on account of which overcharges are alleged were from points in Missouri to points in Kansas and that, therefore, the Missouri statutes would not apply, it being interstate commerce and not within

the power of the state to regulate. We would be willing to concede the point, if the facts justified the statement. The shipment was not made to a point in Kansas. The facts appear, to be these: The point of destination was Kansas City, Missouri; and the stockyards, where the cattle unloaded, extended into both the states of Missouri and Kansas, though the actual point of unloading was in Kansas and the consignment was to commission merchants whose place of business was across the state line in Kansas. The contract was for a shipment to Kansas City, Missouri. That was the point of delivery and the place to which an overcharge is alleged to have been made, and any other place than that point was beyond the obligation of defendant. Any other place of delivery was merely, it may be reasonably supposed from the shipper's testimony, for the convenience of the parties. We rule the point against the defendant.

The judgment will be reversed and the cause remanded. All concur.